UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

| | |
|---|---|
| LELA MILLER, | Case No. 07-15296-CV |
| | Hon. Patrick J. Duggan |
| Plaintiff, | |
| vs. | |
| J.C. PENNEY COMPANY INC., a Delaware Corp., d/b/a J.C. PENNEY and J.C. PENNEY CORPORATION INC., a Delaware Corporation, d/b/a J.C. PENNEY, | |
| Defendants. | |

| | |
|---|---|
| JEFFREY J. HIMELHOCH  P31694 | JENNIFER G. DAMICO (P51403) |
| WINEGARDEN, WINEGARDEN & HIMELHOCH | MARC D. McDONALD (P67484) |
| | Plunkett Cooney |
| Attorneys for Plaintiff | Attorneys for Defendant |
| 2347 Stonebridge Dr., Bldg. G | 535 Griswold Street, Ste. 2400 |
| Flint, MI  48532 | Detroit, MI 48226 |
| (810) 732-7100  fax: 732-1170 | 313-983-4334  fax:983-4350 |
| jeromewinegarden@aol.com | jdamico@plunkettcooney.com |

## **CONFIDENTIALITY STIPULATION AND PROTECTIVE ORDER**

It being represented to the Court that Plaintiff has requested documents from Defendant J.C. PENNEY COMPANY INC., which may involve trade secrets, confidential research, proprietary materials, and development and/or commercial information belonging to J.C. Penney Company Inc.; and,

It being represented to the Court that J.C. Penney Company Inc. is herewith producing such documents for inspection and view in accordance with the terms of this Agreed Protective Order; and,

**It being represented to the Court that the parties are in agreement as to the terms of this Confidentiality Stipulation and Protective Order, and the Court being otherwise fully advised in the premises;**

IT IS HEREBY ORDERED, pursuant to FRCP 26(c) that J.C. Penney Company Inc. will disclose documents that it designates "Confidential and Proprietary" to Plaintiff and their attorneys, only pursuant to this Protective Order and under the conditions that follow:

(1) Any and all of the aforesaid documents and materials disclosed by J.C. Penney Company, Inc. and the contents thereof shall be maintained in confidence by Plaintiff, Plaintiff's experts and/or consultants retained on Plaintiff's behalf and/or his attorneys. Documents and materials deemed subject to this Order shall not be photocopied, disseminated or reproduced by any means not otherwise provided for in this Order without the prior consent of counsel for J.C. Penney Company Inc. until further order of this Court;

(2) Any and all of the aforesaid documents and materials produced by J.C. Penney Company Inc. and the contents thereof shall be used only in connection with the above-captioned action.

(3) No person who examines any documents or materials produced pursuant to this Order shall disseminate orally, in writing, or by any other means, the documents or materials, or the information contained therein, to any person not also authorized to examine the documents and materials under the terms of this Order;

(4) Plaintiff and his attorneys may permit Plaintiff's consultants or Plaintiff's experts retained by Plaintiff and/or Plaintiff's attorneys to review the documents and materials and/or copies of same subject to this Protective Order; but Plaintiff's attorneys must first obtain from such consultants and/or experts a written statement confirming the consultant's and/or expert's agreement to comply with each of the terms of this Protective Order. Each such consultant or expert shall agree in writing that copies of such documents and materials provided and the contents thereof, shall not be disclosed to any other person or entity and that said documents and materials shall not be photocopied, disseminated or reproduced by any means for use or reference outside the subject litigation. Any documents or materials and/or copies of same provided to any such consultant or expert must be returned to J.C. Penney Company Inc. within thirty (30) days of the conclusion of the above-referenced case pursuant to the terms of Paragraph 8 below;

(5) This Order shall be without prejudice to the right of any party to challenge the propriety of discovery on any grounds, including, but not limited to, relevance, materiality, privilege, or other grounds;

(6) This Order shall not restrict in any manner the right of any party to offer or to use as evidence at the trial of this action any of the documents or materials subject to this Protective Order; and nothing contained herein shall be construed as a waiver of any objection which might be raised by any party as to the admissibility into evidence of any documents or other materials;

(7) At the conclusion of this action by settlement, jury verdict, non-suit, dismissal, or other disposition, by judgment order or otherwise, all of the documents and materials produced by J.C. Penney Company Inc. and designated as "Confidential and Proprietary" pursuant to this Protective Order, including any and all copies or renditions made from such documents and materials, shall be returned to J.C. Penney Company Inc., through J.C. Penney Company Inc.'s counsel, within thirty (30) days following the conclusion of this action;

(8) A breach of the terms of this Protective Order may entitle J.C. Penney Company Inc. to appropriate sanctions, including but not limited to attorneys' fees and costs incurred in the enforcement of this Order.

(9) Notwithstanding any provision of this Order, Plaintiff's attorney may utilize any of the produced confidential and/or proprietary materials in deposition, at trial and/or as part of court filings, as long as, if said materials are filed with the court, said materials that are designated as confidential and/or proprietary are filed separately under seal. If used at deposition, the court reporter shall be required to keep separate those documents and/or materials deemed to come within the terms of this Order. Neither party waives the right to object to the use and/or admissibility of said materials at or during deposition and/or trial.

(10) The terms of this Order shall apply to any documents and/or materials deemed confidential and/or proprietary by J.C. Penney Company Inc. However, Plaintiff reserves the right to challenge any confidential and/or proprietary designation.

(11) If the parties are unable to amicably resolve any dispute regarding a document designated as confidential and/or proprietary by J.C. Penney Company Inc., the matter will be submitted to the Court for consideration and a formal ruling. In the event Plaintiff successfully challenges any disputed document sought to be designated as proprietary and/or confidential by J.C. Penney Company Inc., those documents considered and ruled upon by the Court in Plaintiff's favor will not be subject to the terms of this Protective Order.

IT IS SO ORDERED.

                s/Patrick J. Duggan
                Patrick J. Duggan
                United States District Judge

Dated: February 28, 2008

I hereby certify that a copy of the foregoing document was served upon counsel of record on

February 28, 2008, by electronic and/or ordinary mail.

        s/Marilyn Orem
        Case Manager

**Entry of attached Protective Order approved by:**

_____  _____
Jeffrey J. Himelhoch  (P31694)    Marc D. McDonald (P67484)
Winegarden, Winegarden & Himelhoch  PLUNKETT COONEY
Attorneys for Plaintiff         Attorneys for Defendant
2347 Stonebridge Dr., Bldg. G     38505 Woodward, Suite 2000
Flint, MI  48532          Bloomfield Hills, MI  48304
(810) 732-7100          (248) 594-6328

Blmfield.00085.74562.958809-1